(13 Misc. Rep. 528.)

## SMITH v. LAVELLE.

(Superior Court of New York City, General Term. July 1, 1895.)

RECEIVER—IN PARTITION SUIT—ACTION FOR RENT.

    A receiver appointed in an action for partition may maintain an action for rent against one of the co-owners who took a lease of property from him.

Appeal from special term.

Action by Richard H. Smith, as receiver, against Mary Lavelle. Judgment was entered in favor of plaintiff, and defendant appeals. Affirmed.

The opinion of McADAM, J., at special term, is as follows:

    The defendant is in error in assuming that the question presented is whether one tenant in common can recover from another, holding a similar title, rent for the use of property so owned, while in the exclusive use and enjoyment of the latter. Rich v. Rich, 50 Hun, 199, 2 N. Y. Supp. 770. The real proposition with which the court must deal is whether a receiver appointed in an action for the partition of the realty, to which suit all persons interested are parties, can maintain an action for rent after the tenant in possession has recognized the receiver's title to the realty, by joining in the execution of a lease from him, in which she agrees to pay the receiver a stated rental; and this point must be decided in favor of the receiver. Whatever doubt might have arisen if the lease had not been executed is put at rest by the relation it creates. There was no fraud or imposition, and all the defendant claims is that the receiver assumed to have the right to exact the lease, and she supposed she was bound to execute it. This, at most, was error of law, which furnishes no defense. "Ignorantia juris non excusat." Whether the rent might have been fixed, liability determined, and the true measure of justice administered in the suit for partition (Code, § 1589; Rich v. Rich, supra) need not be considered, because the defendant by her act has estopped herself from asserting that the equitable remedy available therein is exclusive.

    There must be judgment in favor of the plaintiff for $281, with costs.

Argued before FREEDMAN and GILDERSLEEVE, JJ.

Henry Cooper, for appellant.
William H. Deady, for respondent.

PER CURIAM. The judgment should be affirmed, upon the opinion of the learned judge who tried the issues. All concur.

---

## SIMIS v. BROOKFIELD et al.

(Superior Court of New York City, Special Term. July, 1895.)

**1.** MUNICIPAL CORPORATIONS—INJUNCTION AGAINST REMOVAL OF NUISANCE.

    The city authorities cannot be enjoined from removing an awning placed over a sidewalk, where the awning was not constructed in conformity with city ordinances.

**2.** SAME—PRESCRIPTIVE RIGHT.

    The fact that an awning has been maintained over a sidewalk for more than 20 years does not give a prescriptive right to its continuance.

Action by Johanna Simis against William Brookfield, as commissioner of public works, and another. Plaintiff moves to continue an injunction pendente lite. Denied.